**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Gary Kearney,
Christopher R. Mulleavey
and Kathleen Mulleavey

    v.                                        Civil No. 07-cv-149-JL

Brenda Elias and
William H. Constant

### O R D E R

Currently before the court is plaintiffs' motion for attachment (document no. 12). The motion arises from plaintiffs' allegation that defendants, contrary to law, knowingly failed to disclose lead paint on the real estate they transferred to plaintiffs. Plaintiffs have demonstrated a high likelihood of success on the merits and defendants have made no effort to demonstrate the existence of sufficient assets to satisfy any possible judgment against them. Consequently, the motion is granted.

The availability of a prejudgment attachment in federal court is governed by the law of the state in which the district sits. See Fed. R. Civ. P. 64; Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 437 n.10 (1974). "In New Hampshire, the remedy of attachment is in derogation of the common law and is permitted only to the extent and in the manner authorized by

statute." Diane Holly Corp. v. Bruno & Stillman Yacht Co., 559 F. Supp. 559, 560 (D.N.H. 1983).

N.H. Rev. Stat. Ann. § 511-A:3 provides that "the burden shall be upon the plaintiff to show that there is a reasonable likelihood that the plaintiff will recover judgment including interest and costs on any amount equal to or greater than the amount of the attachment." This court has previously determined the burden of proof required of the party seeking the attachment.

> Construing the statute narrowly in light of the special protections afforded property interests in this state, the Court finds and rules that plaintiff in an attachment proceeding pursuant to N.H. RSA 511-A:3 must make a strong preliminary showing that he or she will ultimately prevail on the merits and obtain judgment in the requested amount and that this showing must be established by proof greater than proof by a mere preponderance of the evidence.

Id., at 561.

If the moving party meets this burden, "the plaintiff shall be entitled to the attachment unless the defendant establishes to the satisfaction of the court that his assets will be sufficient to satisfy such judgment with interest and costs if the plaintiff recovers same." N.H. Rev. Stat. Ann. § 511-A:3.

Plaintiffs have made a strong preliminary showing that they will ultimately prevail on the merits and obtain the judgment sought.  Plaintiffs have shown that the property contained lead paint, that defendants knew it and nevertheless purposefully failed to disclose it, as required by law.

On May 24, 2001 a certified letter (Exhibit 4) was sent to defendant Elias informing her that she was subject to the 1997 Order of Lead Hazard Reduction.  Defendant Constant, Elias' husband, called the Department of Health alleging that they were unaware of the order because they bought at foreclosure (Exhibit 7).  They receipted for the Order on June 1, 2001.  (Exhibit 5).  Defendants did nothing to comply with the order.  They listed the property, Constant showed the property and they sold the property to plaintiffs without any disclosure of the lead paint or the order requiring its abatement.  In fact, Elias lied on the lead disclosure form.  Plaintiffs paid $80,000 to their buyer to deal with the lead paint.

Plaintiffs have met their burden and have established facts sufficient to be entitled to an attachment for $240,000, i.e.,

treble damages.  The motion is granted and plaintiffs may attach any and all property of defendants found in New Hampshire.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 17, 2008

cc:   Finis E. Williams, III, Esq.
      James B. Kazan, Esq.